RECEIVED
AUG 2 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| JONATHON A. GROOMER | CIVIL ACTION NO. 06-2176 |
| VERSUS | JUDGE HAIK |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE METHVIN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REASONS FOR JUDGMENT

**A.     Facts**

Jonathon Groomer ("Groomer") is 21 years old, having been born on July 20, 1986. On August 22, 2000, Groomer's mother filed an application for SSI benefits, which was granted based on a finding that Groomer's vision problems were disabling. (Tr. 107-111). When Groomer turned eighteen, his case was reviewed to determine whether he qualified for adult disability benefits. After an administrative hearing, the ALJ determined that Groomer was not disabled because his impairments do not meet or equal a listing, and there are jobs he could perform which exist in significant numbers in the economy. (Tr. 14-19). A request for review was denied by the Appeals Council and Groomer filed the instant suit appealing the ALJ's decision.

In his appeal, Groomer alleges the following errors: 1) the residual functional capacity ("RFC") finding is not supported by substantial evidence; 2) the ALJ's hypothetical question to the vocational expert was defective; and 3) the ALJ violated Social Security Ruling ("SSR") 00-

1

4P.

After considering the administrative record, the briefs of the parties, and the applicable law, the Magistrate Judge recommended that the Commissioner's decision be affirmed. Plaintiff then filed objections to the Report and Recommendation of the Magistrate Judge.

## B.     Magistrate's Findings

After a review of the entire record and the briefs of the parties, and pursuant to 42 U.S.C. §405(g), the Magistrate held that the Commissioner's finding of non-disability is supported by substantial evidence of record.

<u>Residual Functional Capacity Assessment</u>

Groomer maintains that the ALJ's RFC assessment did not include the limitation against climbing ramps/stairs, ladders/ropes, or scaffolds and the restriction against exposure to all machinery found by the SSA's non-examining consultant. The Magistrate found, however, that a comparison of the ALJ's assessment and that of the consultant shows that they are essentially the same.

The Magistrate ruled that the consultant did not limit Groomer's capacity to climb ramps and stairs. (Tr. 220). He did limit Groomer in climbing ladders, ropes, and scaffolds, and from exposure to "hazards (machinery, heights, etc.)." (Tr. 220, 222). The ALJ's RFC analysis limited Groomer in his ability to work "at heights or around dangerous machinery." (Tr. 16).

The Magistrate held that, like the consultant, the ALJ acknowledged that Groomer's vision problems prohibit him from being in hazardous situations. Although the ALJ did not specifically prohibit Groomer from climbing ladders, ropes, and scaffolds, the limitation on working at heights essentially encompasses climbing.

2

Additionally, the Magistrate found that Groomer's argument concerning use of machinery is without merit. The consultant checked a box indicating that Groomer should not be exposed to hazards such as machinery. The ALJ found that Groomer was prohibited from using dangerous machinery. Although Groomer argues that the ALJ's RFC is more limited than the consultant's because the consultant limited Groomer from using "all machinery," this is not accurate. The checked box only limited him in exposure to "hazards (machinery, heights, etc.)." The limitation was in the context of hazardous situations, which is the same as using the machinery identified by the ALJ. The ALJ even gave an example of such machinery at the hearing, when he posed the hypothetical to the vocational expert, and limited Groomer from using a "forklift or something of that nature." This is clearly the same context as the consultant's limitation from exposure to hazards.

The Magistrate ruled that there is no support for a limitation from use of all machinery. Groomer is a licensed driver, who regularly operates a motor vehicle, which would obviously fall under the broad prohibition from using all machinery. Thus, the record shows that Groomer's vision problems do not limit him from using all machinery.

The Magistrate held that the RFC assessment of the ALJ and consultant were essentially the same. The ALJ, therefore, afforded the consultant's opinion considerable weight and Groomer's argument that the ALJ failed to explain the weight given is meritless.

Finally, the Magistrate found that the record shows that the ALJ's RFC assessment is supported by Groomer's activities. In addition to driving, Groomer attends college and maintains a 2.9 GPA. (Tr. 260). He also works at a garden center. Clearly, these activities show that Groomer has, as identified by the ALJ, the RFC to perform jobs that do not require him to drive

at night or more than 25 miles, work at heights or around dangerous machinery, read print of less than 14 font, and allow for limited near and far visual acuity.

Therefore, the Magistrate held that the ALJ's RFC assessment is supported by substantial evidence of record, including the medical consultant's opinion and Groomer's activities such as driving, working, and attending college.

### Vocational Expert Testimony

Groomer argues that, because the ALJ's RFC was incorrect, the hypothetical posed to the vocational expert was defective. Groomer also maintains that the vocational expert's response to the hypothetical was defective because the some of the jobs identified require the use of machines.

The Magistrate states that the ALJ is only required to rely on the vocational expert's testimony in response to the hypothetical that includes the limitations recognized by the ALJ as being the residual functional capacity. *Bowling v. Shalala*, 36 F.3d 431 (5th Cir. 1994). As discussed above, the ALJ's RFC assessment is supported by the evidence of record. Thus, the Magistrate found that the hypothetical posed by the ALJ, which included the ALJ's RFC assessment, was proper.

Likewise, the Magistrate held that the vocational expert's testimony was not flawed. The vocational expert identified the jobs of landscaper, grounds keeper, grounds maintenance, and house cleaner. Groomer argues that he cannot perform these jobs because landscapers, grounds keepers and maintenance workers are required to use mowers, edge tools, and other power tools, while a house cleaner will use a vacuum to clean swimming pools. Groomer's argument, however, fails to acknowledge that the ALJ's RFC assessment did not preclude the use of power

tools and equipment. Additionally, the tools required for these jobs are not hazardous, nor has Groomer shown that his limitations prevent him from using these tools.

Therefore, the Magistrate held that the ALJ did not err in relying on the vocational expert's testimony in determining that Groomer was not disabled because he could perform work which exists in significant numbers in the national economy.

### Violation of Social Security Ruling

Groomer maintains that the ALJ erred in failing to ask the vocational expert if his testimony conflicted with the Dictionary of Occupational Titles ("DOT") as required by SSR 00-4p.

Social Security Ruling 00-4p provides that an ALJ has a responsibility to ask a vocational expert about any possible conflict between the expert's testimony and the information contained in the DOT, and if there is a conflict, the ALJ must obtain an explanation for the conflict. The Fifth Circuit has ruled that, even when the ALJ fails to discover and address conflicts between the testimony of a vocational expert and DOT, the claimant is not entitled to relief unless he can show that he was prejudiced by the alleged error. *DeLeon v. Barnhart*, 174 Fed.Appx. 201 (5th Cir. 2006), citing, *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Likewise, *Romine v. Barnhart*, which is the case relied upon heavily by Groomer for the rule that the ALJ should follow SSR 00-4p, acknowledges that a violation of the SSRs only warrants reversal and/or remand if the claimant shows prejudice. *Romine v. Barnhart*, 454 F.Supp.2d 623, 628 (E.D.Tex. 2006).

Here, the ALJ did not ask the vocational expert if the testimony conflicted with the DOT, however the ALJ noted in his decision that "Pursuant to SSR 00-4p, the vocational expert's

5

testimony is consistent with the information contained in the Dictionary of Occupational Titles." The Magistrate found that the ALJ, therefore, did investigate whether the testimony was consistent with DOT. Moreover, Groomer does not point out any conflicts between the vocational expert's testimony and the DOT, nor has he shown that he was prejudiced by the alleged error. Accordingly, the Magistrate held that the ALJ did not err in relying on the testimony of the vocational expert.

## C.  Appellant's Objections

Appellant objects to the Magistrates finding that the ALJ's Residual Functional Capacity finding is supported by substantial evidence. Specifically, Appellant insists that this Court should reverse and remand because the ALJ's RFC is unsupported and the record does not contain an explanation by the ALJ, which discloses why Plaintiff, as found by the State Agency consultant, was precluded from work involving *all* exposure to *heights* and not precluded from work involving *all* exposure to *machinery*. (Tr. 222).

Appellant also objects to the Magistrate's finding that the hypothetical posed by the ALJ, which included the ALJ's RFC assessment, was proper. Appellant continues his assertion that because the ALJ's RFC was incorrect, the hypothetical posed to the vocational expert was equally defective. <u>Boyd v. Apfel</u>, *239 F.3d 698 (5th Cir. 2001)*.

Finally, Appellant objects to the Magistrate's finding that the ALJ did not err in relying on the testimony of the vocational expert. Specifically, Appellant contends that the vocational expert's responses to the ALJ's defective hypothetical question cannot constitute substantial evidence in support of this termination of benefits.

D.  **Analysis**

In the instant case, Plaintiff challenged the ALJ's Step 4 residual functional capacity finding, because the alternate occupations listed by the vocational expert involved the use of machinery, a conclusion which directly contradicted the findings of the Agency medical consultant. Specifically, the ALJ found that Plaintiff retained the residual functional capacity to perform work "that does not require the claimant to drive at night or more than twenty-five miles at a time, work at heights or around dangerous machinery, reading print of less than fourteen font, and allow limited near and far visual acuity." (Tr. 16). (Emphasis added). The ALJ, therefore, restricted Plaintiff from all heights, but not all machinery. (Tr. 16). However, this finding is contrary to the State Agency consultant's expert opinion evidence which restricted Plaintiff from all exposure to "hazards (machinery, heights, etc.)."

"[E]xpert opinion evidence" cannot be ignored; equally salient, the ALJ must "explain the weight given to those opinions." (SSR 96-6p). Furthermore, in *Butler v. Barnhart, 03-31052 (5th Cir., 6/2/04)(unpublished)*, the Court held that "[A]dministrative law judges must consider findings of State agency medical...consultants...as opinion evidence." *See 20 CFR §404.1527(f)(2)(i)*. Here, the ALJ did not explain the weight given to the State Agency consultant's environmental restriction that Plaintiff must "Avoid All Exposure" to "Hazards (machinery, heights, etc.)." (Tr. 222). The ALJ, thus, did not expressly *reject* the expert opinion evidence. (Tr. 16); *Landers v. Commissioner, No. 02-1629 (W.D. La. 02/17/04), pg. 6.*

Therefore, this Court hereby reverses and remands because the ALJ's RFC is unsupported and the record does not contain an explanation by the ALJ, which discloses why Plaintiff, as found by the State Agency consultant, was precluded from work involving *all* exposure to

7

*heights* and not precluded from work involving *all* exposure to *machinery*.

Furthermore, this Court finds that since the ALJ's RFC was incorrect, the hypothetical posed to the vocational expert was equally defective.

Finally, this Court finds that the vocational expert's responses to the ALJ's defective hypothetical question cannot constitute substantial evidence in support of this termination of benefits.

**E.  Conclusion**

For the reasons set forth above, it is hereby Ordered, Adjudged and Decreed that the Commissioner's decision be **REVERSED** and **REMANDED**.

THUS DONE AND SIGNED on this the 29th day of August, 2008.

_____
UNITED STATES DISTRICT COURT JUDGE

COPY SENT:
DATE: 8-29-08
BY: gbr
TO: RTH